**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDY JOE MOODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CIV-20-099-RAW-KEW |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Randy Joe Moody (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 51 years old at the time of the ALJ's decision. He has a high school education and past relevant work as a roustabout, press operator, pipe fitter, and industrial groundskeeper. He alleges an inability to work beginning on February 18, 2018, due to limitations resulting from kidney failure, type II diabetes (insulin dependent), neuropathy in feet, high blood pressure, and spine disorders.

### Procedural History

On November 30, 2017, Claimant protectively filed his application for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social

Security Act. His application was denied initially and upon reconsideration. On May 6, 2019, ALJ Michael Mannes conducted a hearing in McAlester, Oklahoma, at which Claimant testified. On July 10, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on February 14, 2020, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by failing (1) to discuss the significantly probative evidence that conflicted with his findings, (2) to properly evaluate the opinion of Claimant's treating physician, Carol Gambrill, D.O., and (3) to properly evaluate his subjective statements.

### Discussion of Probative Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of diabetes mellitus and obesity. (Tr. 17). He determined Claimant could perform light work with additional

4

limitations. Claimant could occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently balance, and occasionally stoop, kneel, crouch, or crawl. He must avoid even moderate exposure to extreme heat and humidity. Claimant's time off task could be accommodated by normal work breaks. (Tr. 19).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of sales attendant, cashier II, and mail clerk (sorter), all of which the ALJ found existed in sufficient numbers in the national economy. As a result, the ALJ concluded Claimant had not been under a disability from February 18, 2018, through the date of the decision. (Tr. 22-23).

Claimant argues the ALJ selectively discussed the evidence to support his decision. Specifically, he contends the ALJ failed to discuss abnormal examination findings by Dr. Gambrill and other providers from before and during the relevant period. Claimant maintains that such findings were significantly probative and warranted discussion by the ALJ.

"[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). He may not "pick and choose among medical reports, using portions of evidence favorable to his

5

position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). However, an ALJ is not required to discuss all of the evidence in the record. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Moreover, "[w]hen the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).

The ALJ summarized many of the records referenced by Claimant in his decision. For instance, he noted Claimant suffered from peripheral neuropathy, had pitting edema, and complained of back pain. (Tr. 18, 20). He acknowledged Claimant's diagnosis of degenerative disc disease and kidney disease, and Claimant's left leg swelling. (Tr. 18, 20). The ALJ primarily relied upon findings of normal musculoskeletal strength, normal gait, no motor or sensory deficits, normal pulses, and normal diabetic foot examinations as support for finding Claimant had the RFC for a reduced range of light work. (Tr. 20).

As pointed out by Claimant, however, there is probative evidence in the record that the ALJ failed to discuss, which could affect Claimant's functional abilities. Specifically, the ALJ failed to discuss examination findings from October of 2018 regarding Claimant's right shoulder (pain with motion) (Tr. 457-

6

51, 536), and findings by Dr. Gambrill from December of 2018 regarding Claimant's lumbar spine (muscle spasm, severe pain with motion), hip (muscle weakness, severe pain with motion), right pelvis (myalgia), knees (moderate pain with motion), and feet and ankles (moderate pain with motion). (Tr. 585-92).

The records are from the relevant period and should have been discussed by the ALJ. In light of this evidence, on remand, the ALJ should reassess the RFC after discussing all the probative evidence in the record with regard to Claimant's impairments, reconsider his subjective complaints in light of the evidence, and determine what work, if any, Claimant can perform.

### Consideration of Opinion Evidence

Claimant asserts the ALJ's evaluation of Dr. Gambrill's opinion is legally deficient because it is based on selective evidence. Claimant maintains that the ALJ failed to consider his testimony and the abnormal examination findings from Dr. Gambrill and other medical providers.

Dr. Gambrill completed several disability forms for Claimant at his appointment in December of 2018. She indicated Claimant would miss work three or more days because of his impairments/treatment for diabetes with renal complications, polyneuropathy, and chronic pain and muscular atrophy in the bilateral lower extremities. (Tr. 575). Dr. Gambrill indicated Claimant's pain caused a limitation or restriction having more

7

than a minimal effect on Claimant's ability to perform basic work activities or activities of daily living. She found that walking, standing, sitting, lifting, etc., would increase Claimant's pain to the extent he would need to rest and/or take medication. She further found that his pain would cause a reduction in basic mental work activities, and medication for pain would result in some limitation, but not to a degree that would create a serious problem. (Tr. 576). Among other functional limitations, Dr. Gambrill determined Claimant could sit for two hours at one time, stand for thirty minutes at one time, and sit and stand/walk for less than two hours in an eight-hour workday. Claimant would need to walk every thirty minutes for at least five minutes and would need to shift positions. He would need to take unscheduled breaks and elevate his feet. Claimant could frequently lift less than ten pounds and occasionally lift ten pounds. (Tr. 577-83).

Because Claimant filed his claims after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors.

20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The ALJ found Dr. Gambrill's opinion "somewhat persuasive." He relied on the same normal findings of musculoskeletal strength,

normal gait, no motor or sensory deficits, normal pulses, normal diabetic foot examinations, and Claimant's testimony as supporting less restrictive limitations than those assessed by Dr. Gambrill. (Tr. 20). However, because he did not properly address all the probative evidence in the record, the ALJ must reconsider Dr. Gambrill's opinion in light of that evidence on remand.

**Evaluation of Symptoms**

Claimant further contends the ALJ's evaluation of his symptoms was legally insufficient because the ALJ disregarded much of the evidence pertinent to the relevant factors supporting the veracity of Claimant's statements. He maintains that the ALJ's discussion provided a limited and overly selective view of the objective medical evidence, failed to address the limited nature of Claimant's daily activities, and was silent regarding evidence of his numerous hospitalizations, surgery for his lower back cyst, his use of multiple types of insulin and medications, monitoring of his glucose and blood pressure levels, and his ongoing visits with Dr. Gambrill.

Because the evaluation of Claimant's symptoms is tied closely to the RFC determination, after properly considering the probative evidence of record in conjunction with Dr. Gambrill's opinion, the ALJ should reconsider his assessment of Claimant's subjective symptoms on remand. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the [symptom] evaluation is to

help the ALJ access a claimant's RFC, the ALJ's [symptom evaluation] and RFC determinations are inherently intertwined.").

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE